**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eugene Raymond RISING SUN,**
**Defendant–Appellant.**

No. 08–30409.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 4, 2009.*

Filed Aug. 6, 2009.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Lori Anne Harper Suek, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David Merchant, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

R.App. P. 34(a)(2).

Before: PREGERSON, BEA, and M. SMITH, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Eugene Raymond Rising Sun appeals the district court's sentence of life imprisonment following Rising Sun's conviction for two counts of second degree murder. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision.

The district court did not abuse its discretion by imputing a sentence of life imprisonment based on its review of the 18 U.S.C. § 3553(a) factors. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc). The district court found that the nature and circumstances of the offense were extraordinarily heinous, brutal, and senseless. In addition, the court found that Rising Sun's history was "filled with violence," and that he demonstrated a propensity to recidivism. Noting the need for the sentence to "reflect the seriousness of the offense, ... promote respect for the law, ... provide just punishment for the offense, ... afford adequate deterrence to criminal conduct, ... [and] protect the public from further crimes," the court concluded that a life sentence was necessary. *See* 18 U.S.C. § 3553(a). This conclusion was not unreasonable, and did not amount to an abuse of discretion. *See Gall v. United States*, 552

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**